CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/1/2020
JULIA C. DUDLEY, CLERK
BY:   s/ A. Little
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA**
**(Lynchburg Division)**

| | |
|---|---|
| **ROBERT LEARN,**<br>**1928 Glass Hill Road**<br>**Goode, Virginia 24556**<br><br>                       **Plaintiff,**<br><br>     **vs.**<br><br>**GROUP LIFE, DEPENDENT LIFE,**<br>**ACCIDENTAL DEATH AND**<br>**DISMEMBERMENT INSURANCE FOR**<br>**EMPLOYEES OF CENTRA HEALTH,**<br>**INC.**<br><br>**SERVE:       Brenda Johnson**<br>**                Centra Health, Inc.**<br>**                1920 Atherholt Road**<br>**                Lynchburg, VA 24501-1104**<br><br>                       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No.:**   6:20cv00060 _____

**COMPLAINT FOR
DISABILITY BENEFITS UNDER ERISA**

**J<span style="font-size:smaller">URISDICTION AND</span> V<span style="font-size:smaller">ENUE</span>**

1.      Plaintiff's claims against Defendant are filed pursuant to the provision of the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et. seq. (herein "ERISA").

2.      Plaintiff seeks an Order that clarifies a plan beneficiary's right to past and future

benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: a) a

declaration and enforcement of rights under the long-term disability insurance policies at issue

and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by

ERISA), (b) a reinstatement of benefits, c) the payment of all back benefits due with pre-judgment

interest and post-judgment interest, d) the enforcement of rights under the long-term disability

insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and cost.

3.    The Summary Plan Description states explicitly that "[t]he name, business address, ZIP code and business telephone number of the Plan Administrator is: Centra Health, Inc., 1920 Atherholt Rd, Lynchburg, VA 24501-1104."

4.    Venue and jurisdiction are proper pursuant to 29 U.S.C.  1132(f). At all times relevant to this claim, the Plaintiff resided at the address noted above in the style of the case.

<b>PARTIES</b>

5.    Plaintiff is a former employee of Centra Health, Inc. ("the Employer"). While employed there, and while covered by the Group Long Term Disability Plan for employees of The Employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

6.    Group Life, Dependent Life, Accidental Death and Dismemberment Insurance for Employees of Centra Health, Inc. ("The Plan") is an employee welfare benefit plan established under ERISA. Defendant is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

<b>THE EMPLOYEE WELFARE BENEFIT PLAN</b>

7.    At all times relevant Plaintiff was employed by The Employer, in Virginia, and was a plan participant in the Plan established by The Employer under ERISA.

8.    The Employer is the Plan Administrator.

9.    The Plan Administrator has delegated disability claims administration to Lincoln National Life Insurance Company ("The Insurance Company").

10. The Employer and The Insurance Company are fiduciaries pursuant to 29 U.S.C. 1133(2) and 29 C.F.R. § 2560.503-1(g)(2)(1999).

11. The Insurance Company is responsible for conducting any ERISA mandated claim evaluation and final review rests with The Insurance Company and with no other entity.

12. The Insurance Company is also responsible for funding the plan, i.e., paying all benefits provided by the plan, creating an inherent and structural conflict of interest.

13. The Insurance Company's determination was influenced by its conflict of interest.

14. The Insurance Company failed to take active steps to reduce the potential bias and to promote the accuracy of its benefits determination.

15. The Plan gave The Insurance Company the right to have Mr. Learn submit to a physical examination at the appeal level.

16. A physical examination, with a full file review, would provide a medical doctor with more information than a medical file review alone.

17. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

18. The Insurance Company, upon information and belief, has made all of the decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

19. Plaintiff worked for The Employer until he became disabled.

20. At all times relevant The Plaintiff has met the Plan's definition of disability.

21. The Plan provides for lost income benefits.

22. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

23.   On May 21, 2020, the Plan issued an "Adverse Benefit Decision" on Plaintiff's claim for benefits.

24.   The Plan has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims Procedure); and 29 U.S.C. 1104 (Fiduciary Duties).

25.   The Plaintiff has exhausted pre-litigation remedies and that process ended by way of a "Final Denial Letter" sent by The Insurance Company on May 21, 2020.

26.   The Plaintiff is entitled to long-term disability benefits under the Plan, including past due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

27.   The Plaintiff is entitled to these benefits because the benefits are permitted under the policy; The plaintiff has satisfied all conditions precedent to be eligible to receive the benefits; and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

### RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1.   No deference be granted to the decision of the Plan to deny benefits.

2.   That the Plaintiff is entitled to long-term disability benefits under the policy.

3.   That the Plaintiff is entitled to payment of past long-term disability benefits and reinstatement to monthly benefits under The Plan.

4.   That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5.   That the Plaintiff is entitled to payment of attorney's fees and cost.

Respectfully Submitted,


ROBERT LEARN
By Counsel

_____/s/_____
Brandon S. Osterbind, Esq. (VSB No.: 77159)
Kelly Osterbind, Esq. (VSB No.: 74984)
**OSTERBIND LAW, PLLC**
1216 Greenview Drive, Suite A
Lynchburg, Virginia 24502
Tel: 434-515-2807
Fax: 434-818-0895
bosterbind@osterbindlaw.com
*Counsel for Plaintiff*