IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ROBERT LEARN,

*Plaintiff,*

v.

GROUP LIFE, DEPENDENT LIFE,
ACCIDENTAL DEATH AND
DISMEMBERMENT INSURANCE FOR
EMPLOYEES OF CENTRA HEALTH, INC.,

*Defendant.*

Civil Action No. 6:20-cv-00060-NKM

## **ANSWER**

Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby answers Plaintiff's Complaint ("Complaint") as follows[1]:

1. In response to paragraph 1, Lincoln admits that Plaintiff brings an action under ERISA and that this Court has jurisdiction under ERISA, but denies that Plaintiff is entitled to any relief with respect thereto.

2. In response to paragraph 2, Lincoln admits that Plaintiff brings an action under ERISA seeking certain relief, but denies that Plaintiff is entitled to any relief with respect thereto.

---

[1] The parties filed a joint motion to substitute The Lincoln National Life Insurance Company for the named defendant, Group Life, Accidental Death and Dismemberment Insurance For Employees of Centra Health, Inc. (the "Plan"), which is still pending (Doc. No. 5). If the Court denies that motion, this filing shall constitute the Plan's answer.

3.  In response to paragraph 3, Lincoln admits that Centra Health, Inc. ("Centra") is the Plan Administrator with respect to the disability benefits at issue in this matter. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 3.

4.  In response to the first sentence of paragraph 4, Lincoln admits that this Court has jurisdiction under ERISA, and that it does not challenge venue in this forum. In response to the second sentence of paragraph 4, Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

5.  In response to paragraph 5, Lincoln admits that Plaintiff was, at one time, an employee of Centra and covered under a group policy of long-term disability insurance that Lincoln issued to Centra (the "Group Policy") to fund, in part, Centra's employee welfare benefits plan. Lincoln denies the allegations in paragraph 5 unless expressly admitted.

6.  In response to paragraph 6, Lincoln states that the name of the plan at issue in this case is Group Long Term Disability Insurance for Employees of Centra Health, Inc., which is funded by the Group Policy. Under this plan, Centra is the Plan Administrator and Lincoln is the claims administrator, responsible for interpreting the Group Policy and administering claims made thereunder. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 6.

7.  In response to paragraph 7, Lincoln admits that Plaintiff was, at one time, an employee of Centra and covered under the Group Policy. Lincoln denies the allegations in paragraph 7 unless expressly admitted.

8.  Lincoln admits the allegations contained in paragraph 8 of the Complaint.

9. In response to paragraph 9, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 9 to the extent incomplete or inconsistent with the Group Policy.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no response is required. To the extent a response is required, Lincoln admits that the sole fiduciary duty it undertook was as claims administrator for the Group Policy responsible for construing the terms of the Group Policy and determining benefit eligibility thereunder. Otherwise, Lincoln denies the allegations contained in paragraph 10 of the Complaint.

11. In response to paragraph 11, Lincoln admits that the sole fiduciary duty it undertook was as claims administrator for the Group Policy responsible for construing the terms of the Group Policy and determining benefit eligibility thereunder.  Otherwise, Lincoln denies the allegations contained in paragraph 11 of the Complaint.

12. Lincoln denies the allegations contained in paragraph 12 of the Complaint.

13. Lincoln denies the allegations contained in paragraph 13 of the Complaint.

14. Lincoln denies the allegations contained in paragraph 14 of the Complaint.

15. In response to paragraph 15, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 15 to the extent incomplete or inconsistent with the Group Policy.

16. Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17, Lincoln admits that it did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not

3

required by the Group Policy or ERISA. Otherwise, Lincoln denies the allegations contained in paragraph 17 of the Complaint.

18. In response to paragraph 18, Lincoln admits that it made the claim determinations under the Group Policy with respect to Plaintiff's disability claim. Otherwise, Lincoln denies the allegations contained in paragraph 18 of the Complaint.

19. In response to paragraph 19, Lincoln admits that Plaintiff was, at one time, an employee of Centra and covered under the Group Policy, and stopped working and made a claim for disability benefits thereunder. Lincoln denies the allegations in paragraph 19 unless expressly admitted.

20. Lincoln denies the allegations contained in paragraph 20 of the Complaint.

21. In response to paragraph 21, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 21 to the extent incomplete or inconsistent with the Group Policy.

22. In response to paragraph 22, Lincoln admits that Plaintiff submitted a claim for LTD benefits under the Group Policy in or around May 2017. Plaintiff's claim forms are set forth in the Administrative Record and speak for themselves. Lincoln denies the allegations contained in paragraph 22 to the extent incomplete or inconsistent with those forms.

23. In response to paragraph 23, Lincoln admits that, after two independent appeal reviews, it issued a final administrative determination on Plaintiff's claim by letter dated May 21, 2020, affirming that Plaintiff failed to meet his burden of proving disability beyond March 5, 2019. The letter is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 23 to the extent they are incomplete or inconsistent with the letter.

24.     Lincoln denies the allegations contained in paragraph 24 of the Complaint.

25.     In response to paragraph 25, Lincoln admits that Plaintiff took the number of administrative appeals required by ERISA and the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 25.

26.     Lincoln denies the allegations contained in paragraph 26 of the Complaint.

27.     Lincoln denies the allegations contained in paragraph 27 of the Complaint.

## FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Lincoln, if any, arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA. *See Pilot Life v. Dedeaux,* 481 U.S. 41 (1987).

## THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy.

## FOURTH DEFENSE

Lincoln has complied with and performed all of its promises, obligations, and duties to Plaintiff, and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

Lincoln's actions were taken in good faith in accordance with the provisions of the Group Policy.

## SIXTH DEFENSE

Plaintiff's claims are barred by his failure to submit sufficient proof pursuant to the terms of the Group Policy.

## SEVENTH DEFENSE

Plaintiff's demand for attorney's fees should not be granted under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

## EIGHTH DEFENSE

Each and every act or statement done or made by Lincoln and its officers, employees, and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and justified.

## NINTH DEFENSE

Lincoln's decisions were neither arbitrary nor capricious nor incorrect.

## TENTH DEFENSE

Lincoln has reasonably and substantially complied with all applicable regulations.

## ELEVENTH DEFENSE

The Group Policy, in whole or in part, contains monthly benefits reductions, including but not limited to reductions for retirement benefits, other income and Social Security benefits. Even if Plaintiff is eligible for benefits, which Lincoln denies, Lincoln is entitled to offset payment of benefits by other income.

6

## TWELFTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits, which Lincoln denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## THIRTEENTH DEFENSE

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

## FOURTEENTH DEFENSE

Plaintiff is limited to the evidence and arguments presented during the administrative process.

## FIFTEENTH DEFENSE

There is no vesting of benefits under the Group Policy, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

## REQUESTED RELIEF

Lincoln respectfully requests that the Court: (i) dismiss Plaintiff's claims against Lincoln with prejudice and enter judgment in Lincoln's favor on such claims; (ii) award Lincoln its costs of suit, including reasonable attorneys' fees; and (iii) grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted this 26th day of October, 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    */s/ Tevis Marshall*

/s/ Tevis Marshall
A. Tevis Marshall (VSB No. 68401)
tevis.marshall@ogletreedeakins.com
Riverfront Plaza, West Tower
901 E. Byrd Street, Suite 1300
Richmond, Virginia 23219
Phone: 804.663.2333
Fax:    804.225.8641

*Attorneys for Defendant.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 26, 2020, I electronically filed this document with the Clerk of the United States District Court for the Western District of Virginia using the CM/ECF system, which will serve a copy on the following:

Brandon S. Osterbind, Esq.
Kelly Ann Osterbind, Esq.
OSTERBIND LAW, PLLC
1216 Greenview Dr., Suite A
Lynchburg, VA 24502
(434) 515-2807
bosterbind@osterbindlaw.com
kosterbind@osterbindlaw.com
*Counsel for Plaintiff*

Joshua F. P. Long, Esq.
WOODS ROGERS PLC
10 S. Jefferson St., Suite 1400
Roanoke, VA 24011
(540) 332-3710
jlong@woodsrogers.com
*Counsel for Defendant*

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By:     */s/ Tevis Marshall*
/s/ Tevis Marshall
A. Tevis Marshall (VSB No. 68401)
tevis.marshall@ogletreedeakins.com
Riverfront Plaza, West Tower
901 E. Byrd Street, Suite 1300
Richmond, Virginia 23219
Phone: 804.663.2333
Fax:    804.225.8641
*Attorneys for Defendant*

40924075.1

8