**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

ROBERT LEARN,
     Plaintiff,

v.

GROUP LIFE, DEPENDENT LIFE,
ACCIDENTAL DEATH AND
DISMEMBERMENT INSURANCE FOR
EMPLOYEES OF CENTRA HEALTH,
INC.,
     Defendant.

CIVIL ACTION NO. 6:20-cv-0060 NKM

## DECLARATION OF RICHARD TOM

I, Richard Tom, being of lawful age and first being duly sworn, upon my oath state as follows:

1.     I am a Director of Appeals for The Lincoln National Life Insurance Company ("Lincoln"). My responsibilities include oversight of appeals and complaints for multiple group product lines and compliance with contractual, regulatory, and statutory guidelines. As part of my duties, I am fully familiar with the facts contained herein and have personal knowledge of Lincoln's practices for handling claims for long-term disability benefits.

2.     Lincoln's practice is to evaluate each claim fairly on its individual merits, paying claims that are entitled to payment while denying claims that are not entitled to payment. Lincoln has instituted the procedural safeguards identified and described in this Declaration in order to minimize the potential for bias, to promote accuracy, and to ensure a full and fair review of all disability claims.

1

3.      Lincoln's claims department and appeals unit are completely separate from Lincoln's financial, actuarial, and underwriting departments.  Personnel in the claims department and appeals unit are different from the personnel in the financial, actuarial, and underwriting departments.  Personnel in the claims department and appeals unit have no input into decisions made by personnel in the financial, actuarial, and underwriting departments.  Lincoln's financial, actuarial, and underwriting departments have no influence on claims decisions.

4.      Lincoln also maintains its disability claims department and appeals unit as separate and independent entities.  The personnel in Lincoln's appeals unit are different from the personnel who make initial claim determinations.

5.      Lincoln evaluates claims for long-term disability benefits based on the facts and circumstances of the claim and the terms of the group policy at issue.  Lincoln's claim examiners who make initial claim decisions, as well as examiners who make appeal decisions, make their decisions based on the entirety of the administrative record.

6.      Each examiner in Lincoln's appeals unit is charged with making a decision with respect to a claim on appeal, which is completely independent of the initial claim decision, and is based on information submitted, considered, and generated during the initial claim evaluation as well as any additional information submitted or generated as part of the appeal process.

7.      Employees in Lincoln's claims department and appeals unit are paid fixed salaries or hourly wages, and may be eligible for annual bonuses.  Lincoln does not compensate its claims or appeals employees based on the outcome of claims they review.  Lincoln does not provide financial or other incentives for its employees to deny or close disability claims.  Annual bonuses to employees are based on the overall financial performance of Lincoln and its related entities for all areas of Lincoln's business.

2

8.      Pursuant to United States Department of Labor regulations requiring that an employee benefit plan consult an appropriate health care professional for advice in certain types of claims, Lincoln utilizes consulting physicians in various medical specialty areas, to review files and to answer medical questions that arise in connection with long-term disability claims. These consulting physicians are independent contractors. The consulting physicians do not possess any authority to make claims decisions. Rather, they answer specific and varied medical questions, germane to their specific medical specialty area, posed to them by claims examiners who make initial claims decisions and appeals unit examiners who make appeal decisions. Consulting physicians are compensated on an hourly basis. There is no remuneration provided based on the content of the reports issued by consulting physicians or the outcome of any claim.

9.      Lincoln also retains outside vendors to select independent physicians to conduct reviews of claimants' medical records or, in some cases, to conduct in-person examinations of claimants. Lincoln may request that a vendor arrange for an independent review or examination by a physician within an applicable medical specialty. The outside vendor retains physicians with the appropriate medical credentials to conduct the requested independent reviews or examinations. Lincoln requires outside vendors to retain physicians who are board certified in their applicable medical specialty area.

10.     The outside vendors, or the individual physicians retained by such vendors, do not have the authority to make benefits determinations. Rather, the physicians answer specific and varying medical questions posed to them by examiners in Lincoln's claim department or appellate unit. Such questions typically concern the extent of functional limitations supported by the medical evidence pertaining to an individual claimant (limitations which may or may not

3

limit the claimant's ability to work depending upon the functional requirements of his or her occupation).

11. Lincoln contracts with several different outside vendors such that no one vendor obtains a disproportionate number of referrals. If Lincoln obtains a review from an outside vendor in the course of an initial claim determinations, it is Lincoln's practice to utilize a different vendor for any reviews obtained on appeal.

12. Lincoln compensates outside vendors pursuant to arrangements agreed to before any review or examination is conducted by the physicians employed by the outside vendors. Such compensation does not vary based on the outcome of the physicians' review or examination in any way. Lincoln issues payment directly to the outside vendors for services rendered by the individual reviewing physicians. Lincoln pays no compensation directly to the individual physicians retained by the outside vendors.

13. All payments made by Lincoln to outside vendors are made in the normal course of business as compensation for services rendered. Lincoln does not inquire how the outside vendor compensates individual reviewing physicians or how much the outside vendor pays them for any particular review or examination.

14. The claims examiners who make initial claim decisions and appeals unit examiners who make appeal decisions have no affiliation, financial or otherwise, with the outside vendors or with the physicians employed by the outside medical vendors.

15. Disability claim determinations are not made by physicians or vocational consultants, and they are not made based solely on the reviews of physicians or vocational consultants. Claim examiners make claims decisions based on the entirety of the administrative record, which may include reports of reviewing physicians, medical evidence from treating

physicians, vocational assessments, surveillance, interviews, claim forms, and other information.

Accordingly, medical and vocational reviews, when they are undertaken, are just one variable in

claim determination.  Such reviews only take place with respect to more difficult claims; if

disability is clear, no review may take place.  Every claim involves a unique set of facts,

occupational requirements. and medical circumstances.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

Dated: 28 June 2021

_____
Richard Tom

47468727.1